UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INTERNATIONAL CREATIVE TALENT AGENCY, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**TURKISH REPUBLIC OF NORTHERN CYPRUS,** *et al.***,**<br><br>    **Defendants.** | Civil Action No. 11-1469 (JEB) |

**MEMORANDUM OPINION**

    Turkey and Greece have long engaged in a dispute about the governance of the northeastern part of the island of Cyprus. Against this international backdrop, Plaintiff International Creative Talent Agency, LLC (ICTA) brings an action that reads more like a political manifesto than a contract suit. The Complaint decries the Turkish Republic of Northern Cyprus (TRNC), which "exists only on the strength of occupation by Turkish military forces," who "illegally invaded the Republic of Cyprus and forcibly displaced approximately 200,000 Greek Cypriots." Compl., ¶¶ 1, 36. The suit itself names as defendants the TRNC, a hotel, and its parent company, and the basis of the action relates to a contract for a concert performance on Cyprus. Proof of service has only been filed as to Defendant TRNC, which has now moved to dismiss on a number of grounds, including lack of federal subject-matter jurisdiction. As the Court agrees that Plaintiff has not sufficiently alleged such jurisdiction, it will grant the Motion and dismiss the case without prejudice against the TRNC.

    **I.**    **Background**

The gravamen of the Complaint, which must be presumed true at this stage, is that Defendants "have colluded wrongfully to procure by deception the services of the [i]nternational artist Julio Iglesias, to perform in an area in which it is illegal to do so under United States and international law" – namely, in the TRNC, which is "not a recognized state [and] exists only on the strength of occupation by Turkish military forces." Compl. at 2. ICTA is an international talent agency headquartered in the United States. Id., ¶ 4. Defendant Voyager is "an illegal foreign company operating as a hotel and casino" on Cyprus, the "rightful owner" having been "forcibly displaced . . . during the Turkish invasion of Cyprus in 1974." Id., ¶ 5. Defendant Net Holdings is "the parent company and sole owner of Voyager." Id., ¶ 6.

On or about August 8, 2010, Voyager contracted with ICTA for its client, Julio Igleisas, to perform at a concert in the part of Cyprus under TRNC control. Id. at ¶¶ 10-11. Voyager "intentionally concealed the fact" that the performance would violate the laws of the Republic of Cyprus, which, among other nations, does not recognize the TRNC. Id., ¶¶ 13-14. Informed of the issue, Iglesias decided not to perform. Id., ¶¶ 24, 29. Plaintiff claims that Defendants falsely represented the lawfulness of their actions, thus misleading it into the contract, which Plaintiff requests be declared "illegal and void *ab initio*." Id., ¶ 25. Plaintiff further alleges that the TRNC and Voyager's "deceptive trade practices lure United States citizens to its illegal operations, making them unknowing violators of the law and causing an intentional trespassing on the lands of another." Id., ¶ 51.

Plaintiff brings claims for common-law fraud, civil conspiracy, breach of contract, "detrimental reliance," intentional and negligent misrepresentation, "constructive fraud," "concealment or non-disclosure," "aiding and abetting," violation of the Lanham Act, intentional interference with prospective business advantage, and false-light invasion of privacy. Id., ¶¶ 55-

105. No proof of service has yet to be filed for either Voyager or Net Holdings. TRNC has now submitted a lengthy Motion to Dismiss.

## II. Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(1), Plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear its claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000). A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharmaceuticals, Inc. v. F.D.A., 402 F.3d 1249, 1253 (D.C. Cir. 2005); see also Venetian Casino Resort, L.L.C. v. E.E.O.C., 409 F.3d 359, 366 (D.C. Cir. 2005) ("given the present posture of this case — a dismissal under Rule 12(b)(1) on ripeness grounds — the court may consider materials outside the pleadings"); Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

## III. Analysis

The TRNC points out numerous defects with the causes of action in Plaintiff's Complaint, as well as asserting that the Court lacks subject-matter jurisdiction over the entire case. "Subject matter jurisdiction 'is, of necessity, the first issue for an Article III court,' for

'[t]he federal courts are courts of limited jurisdiction, and they lack the power to presume the existence of jurisdiction in order to dispose of a case on any other grounds.'" Loughlin v. United States, 393 F.3d 155, 170 (D.C. Cir. 2004) (quoting Tuck v. Pan Am. Health Org., 668 F.2d 546, 549 (D.C. Cir. 1981)); see also Am. Farm Bureau v. EPA, 121 F. Supp. 2d 84, 90 (D.D.C. 2000) ("The court cannot address any issue if it lacks subject matter jurisdiction . . . ."). The Court, therefore, will address this ground for dismissal first. Because it concludes that no subject-matter jurisdiction exists here and because the exercise of supplemental jurisdiction over the common-law claims would be improper, it will dismiss the Complaint without prejudice.

The Court will first discuss the three alleged bases of subject-matter jurisdiction and then turn to the question of supplemental jurisdiction.

A. 28 U.S.C. § 1330(a)

The first basis upon which Plaintiff grounds its assertion of subject-matter jurisdiction is 28 U.S.C. § 1330(a). See Compl., ¶ 1. This provision grants federal district courts "original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state," where the foreign state is not entitled to sovereign immunity. If Plaintiff's principal argument is that the TRNC is not a recognized foreign state, this seems like a curious basis for jurisdiction. And, indeed, Plaintiff abjures reliance on that statute in its Opposition, although it is unclear whether it is admitting its mistake or wrongly accusing the TRNC of the error. See Opp. at 8 ("The Defendant points out that diversity and federal question jurisdiction was alleged in the civil cover sheet submitted by Plaintiff but has mistakenly included 28 USC 1330 as a basis for subject matter jurisdiction when in fact it was only based [on] diversity and federal question (28 USC 13331 and 1332.)"). In any event, given this concession, the Court will not consider this basis for jurisdiction.

4

B. Diversity Jurisdiction

Plaintiff does clearly rely on diversity jurisdiction under 28 U.S.C. § 1332(a)(2). See Compl. ¶ 1. This section grants federal jurisdiction to actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state." As the TRNC correctly points out, the Complaint fails to allege that a sum over $75,000 is in controversy. See Mot. at 9-10. Plaintiff makes no argument to the contrary, nor could it. "[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273 (2d Cir. 1994); see also Reule v. H.O. Seiffert Co., 430 Fed. Appx. 584, 584 (9th Cir. 2011) ("The district court properly dismissed Reule's state law claims for lack of diversity jurisdiction because she failed to allege facts establishing that the amount in controversy exceeded $75,000.") (citations omitted). This basis for federal subject-matter jurisdiction, therefore, is as unavailing as the prior one.

C. Lanham Act

The remaining possible basis for jurisdiction, therefore, lies with 28 U.S.C. § 1331, which addresses federal-question jurisdiction and was also cited by Plaintiff. See Compl., ¶ 1. Yet, the lone federal claim Plaintiff asserts is one under the Lanham Act, 15 U.S.C. § 1125(a). Id., ¶¶ 93-97. Defendant argues in its Motion that such a claim is so obviously deficient that it cannot establish subject-matter jurisdiction. See Mot. at 7-8. Alternatively, the Court could consider it under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, a ground also urged by the TRNC. Id. at 35-37.

The Court need not decide which is the more appropriate standard because Plaintiff has clearly conceded its Lanham Act claim. It says absolutely nothing in its Opposition about such a

5

claim, which it has apparently abandoned at this point.  See Abuhouran v. U.S. State Dept., 2012 WL 473241, at *2 (D.D.C. 2012) ("An argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded.") (citations and internal quotations omitted).  The Court, therefore, deems the issue conceded.  There remains, accordingly, no basis for subject-matter jurisdiction here.

    D.  Supplemental Jurisdiction

District courts are given supplemental (formerly, pendent) jurisdiction over state claims that "form part of the same case or controversy" as federal claims over which they have original jurisdiction.  28 U.S.C. § 1367(a).  By the same token, they "may decline to exercise supplemental jurisdiction over [such] claim[s] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  § 1367(c)(3).  The decision of whether to exercise supplemental jurisdiction where a court has dismissed all federal claims is left to the court's discretion as "pendent jurisdiction is a doctrine of discretion, not a plaintiff's right." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966), quoted in Shekoyan v. Sibley Intern., 409 F.3d 414, 423 (D.C. Cir. 2005).  When deciding whether to exercise supplemental jurisdiction over state claims, federal courts should consider "judicial economy, convenience and fairness to litigants."  Id.  Nonetheless, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see Edmondson & Gallagher v. Alban Towers Tenants Ass'n, 48 F.3d 1260, 1267 (D.C. Cir. 1995) (finding the discretion set out in Carnegie-Mellon Univ. "unaffected by the subsequent enactment of 28 U.S.C. § 1367(d), in the Judicial Improvements Act of 1990").

Here the factors clearly weigh against a retention of the case. This Court has handled little in the case beyond the current Motion to Dismiss and has not dealt at all with the pendent state claims. Compare Schuler v. PricewaterhouseCoopers, LLP, 595 F.3d 370, 378 (D.C. Cir. 2010) (finding that district court appropriately retained pendent jurisdiction over state claims where it had "invested time and resources" in the case). Finally, Plaintiff will not be prejudiced because 28 U.S.C. 1367(d) provides for a tolling of the statute of limitations during the period the case was here and for at least 30 days thereafter. See Shekoyan, 409 F.3d at 419 (finding that because of this tolling, dismissal of the pendent state claims "will not adversely impact plaintiff's ability to pursue his District of Columbia claims in the local court system.") (internal citation omitted).

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining common-law claims, which it may file in the appropriate state or local forum. Should Plaintiff do so, or attempt to return here, the Court would caution that a number of the claims are obviously infirm – *e.g.*, there is no independent action for "aiding and abetting"; Plaintiff's contract claims against the TRNC are puzzling given that Iglesias, not Defendants, terminated the contract, which the TRNC was not even a party to; and there is no publicity allegation to support a claim for false-light invasion of privacy. These should be removed or amended in the event Plaintiff proceeds anew.

### IV.   Conclusion

The Court will, therefore, issue a contemporaneous Order that grants the Motion and dismisses the case against the TRNC without prejudice.

                                                            /s/ James E. Boasberg
                                                            JAMES E. BOASBERG
                                                            United States District Judge

Date:  April 24, 2012